# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MCCALL, | ) | CASE NO.: 1:21-CV-902-PAG |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., *et al.* | ) | **DEFENDANT FRONTIER** |
| | ) | **AIRLINES, INC.'S ANSWER TO** |
| Defendants. | ) | **COMPLAINT** |
| | ) | |
| | ) | (**Jury Demand Endorsed Hereon**) |

NOW COMES Defendant, Frontier Airlines, Inc. ("Frontier"), by and through its counsel hereby answers plaintiff's Complaint as follows:

## FACTS

1. In answer to paragraph 1, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

2. In answer to paragraph 2, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

3. In answer to paragraph 3, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

4. In answer to paragraph 4, Frontier asserts that this paragraph contains legal conclusions for which no response is necessary. Further answering, to the extent a response is required, Frontier denies and puts the plaintiff to his proof.

5. In answer to paragraph 5, Frontier admits.

6. In answer to paragraph 6, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

7. In answer to paragraph 7, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

8. In answer to paragraph 8, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

9. In answer to paragraph 9, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

10. In answer to paragraph 10, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

11. In answer to paragraph 11, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

## COUNT ONE - REPLEVIN

12. In answer to paragraph 12, Frontier adopts and incorporates herein by reference the proceeding answer as though the same were fully set forth herein.

13. In answer to paragraph 13, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

14. In answer to paragraph 14, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

15. In answer to paragraph 15, Frontier denies.

16. In answer to paragraph 16, Frontier denies.

17. In answer to paragraph 17, Frontier asserts that this paragraph contains legal

conclusions for which no response is necessary. Further answering, to the extent a response is required, Frontier denies and puts the plaintiff to his proof.

## COUNT TWO - CONVERSION

18. In answer to paragraph 18, Frontier adopts and incorporates herein by reference the proceeding answer as though the same were fully set forth herein.

19. In answer to paragraph 19, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

20. In answer to paragraph 20, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

21. In answer to paragraph 21, Frontier denies.

22. In answer to paragraph 22, Frontier denies.

23. In answer to paragraph 23, Frontier asserts that this paragraph contains legal conclusions for which no response is necessary. Further answering, to the extent a response is required, Frontier denies and puts the plaintiff to his proof.

## COUNT THREE - THEFT

24. In answer to paragraph 24, Frontier adopts and incorporates herein by reference the proceeding answer as though the same were fully set forth herein.

25. In answer to paragraph 25, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

26. In answer to paragraph 26, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

27. In answer to paragraph 27, Frontier denies.

28. In answer to paragraph 28, Frontier admits in part, denies in part. Frontier admits

that it has denied liability for the plaintiff's loss. Further answering the remaining allegations, Frontier denies.

29. In answer to paragraph 29, Frontier asserts that this paragraph contains legal conclusions for which no response is necessary. Further answering, to the extent a response is required, Frontier denies and puts the plaintiff to his proof.

## COUNT FOUR [DESIGNATED COUNT FIVE IN PLAINTIFF'S COMPLAINT] – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. In answer to paragraph 30, Frontier adopts and incorporates herein by reference the proceeding answer as though the same were fully set forth herein.

31. In answer to paragraph 31, Frontier denies.

32. In answer to paragraph 32, Frontier denies.

33. In answer to paragraph 33, Frontier is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies.

34. In answer to paragraph 34, Frontier asserts that this paragraph contains legal conclusions for which no response is necessary. Further answering, to the extent a response is required, Frontier denies and puts the plaintiff to his proof.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to the plaintiff's Complaint, Frontier submits the following:

1. The plaintiff has failed to state a claim upon which relief may be granted.

2. The plaintiff's claims are or may be barred by the doctrine of laches, waiver, estoppel, accord and satisfaction, fraud, ratification, avoidable consequences, release, acquiescence, compromise and settlement, substantial performance, mutual mistakes, and/or unclean hands.

3. Any damages or injuries allegedly sustained by plaintiff are the direct and proximate result of the acts and/or omissions of others, or himself, over whom Frontier had no control and for whose acts or omissions Frontier is not responsible, whether or not named as parties to this action.

4. The plaintiff's injuries, if any, were caused by superseding or intervening causes.

5. The plaintiff may have failed to mitigate his damages, if any.

6. The plaintiff may have failed to join necessary and indispensable parties to this action.

7. The plaintiff's rights to relief are barred under the terms of the applicable Frontier Airlines Contract of Carriage.

8. The plaintiff's rights to relief are capped and/or limited under the terms of the applicable Frontier Airlines Contract of Carriage.

9. Frontier did not cause, enhance, or increase the plaintiff's damages as a result of any act or failure to act.

10. Frontier's performance at all relevant times has complied with all applicable contract terms and clauses.

11. Frontier's performance at all relevant times has not breached any duty owed to the plaintiff.

12. Plaintiff's claims are barred or reduced by the doctrine of comparative negligence.

13. Plaintiff's claims are barred or reduced by the doctrines of express/implied assumption of the risk.

14. Any damages claimed by plaintiff must be apportioned among all liable parties named, unnamed, or dismissed, and the defendants are only liable for their proportioned share of

damages by operation of law and R.C. 2307.22, R.C. 2307.23, et al.

15. This answering defendant is entitled to a set-off for any money received by plaintiff from any other sources.

16. The complaint may fail, in whole or in part, against defendant due to insufficiency of service and/or insufficiency of service of process.

17. Defendant hereby incorporates, by reference, any and all defenses asserted by, and available to, the other answering defendants, if and as applicable.

18. Frontier expressly reserves the right to add such other affirmative defenses, counterclaims, cross-claims, or third-party claims by way of supplemental pleading or amended pleading as may be determined or discovered during these proceedings.

WHEREFORE, Defendant Frontier Airlines, Inc. hereby demands judgment dismissing the Complaint upon the merits together with all the costs and disbursements of this action, and Defendant be awarded all other appropriate relief.

    Respectfully submitted,

    /s/Joseph Monroe II
    **THOMAS J. CABRAL (0033041)**
    **JOSEPH MONROE II (0086540)**
    GALLAGHER SHARP LLP
    1215 Superior Avenue, 7th Floor
    Cleveland, Ohio 44114
    Telephone: (216) 241-5310
    Facsimile: (216) 241-1608
    tcabral@gallaghersharp.com
    jmonroe@gallaghersharp.com

    *Counsel for Defendant Frontier Airlines, Inc.*

## JURY DEMAND

Defendant herein demands a trial by jury on all issues triable by a jury in this action.

/s/ Joseph Monroe II
**JOSEPH MONROE II (0086540)**
GALLAGHER SHARP LLP
*Counsel for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/Joseph Monroe II
**JOSEPH MONROE II (0086540)**
GALLAGHER SHARP LLP
*Counsel for Defendant Frontier Airlines, Inc.*