IN THE CLEVELAND MUNICIPAL COURT
CIVIL DIVISION
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| GEORGE MCCALL<br>4519 BRIARWOOD DRIVE<br>LORAIN, OHIO 44053 | : <br> : <br> : | CASE NO. |
| | : | JUDGE: |
| Plaintiff | : <br> : | |
| VS | : <br> : | |
| FRONTIER AIRLINES, INC<br>5300 RIVERSIDE DRIVE<br>CLEVELAND, OHIO 44135 | : <br> : <br> : <br> : | COMPLAINT FOR REPLEVIN,<br>CONVERSION, INTENTIONAL<br>INFLICTION OF EMOTIONAL<br>DISTRESS AND THEFT (R.C. 2307.61) |
| AND | : | |
| FRONTIER AIRLINES, INC<br>C/O CORPORATION SERVICE COMPANY<br>50 WEST BROAD STREET – SUITE 1330<br>COLUMBUS, OHIO 43215 | : <br> : <br> : <br> : | : |
| AND | : | |
| TSA – US DEPT. HOMELAND SECURITY<br>5300 RIVERSIDE DRIVE<br>CLEVELAND, OHIO 44135 | : <br> : <br> : | : |
| AND | : | |
| U.S. DEPT. OF HOMELAND SECURITY<br>CLAIMS MANAGEMENT BRANCH<br>601 S. 12TH STREET – TSA-9<br>ARLINGTON, VIRGINIA 20598 | : <br> : <br> : <br> : | |
| Defendants | : | |

NOW COMES Plaintiff, by and through counsel, and for his Complaint against

Defendants, captioned above (hereafter "Defendants"), hereby states and avers as follows:

**Facts**

1. Plaintiff is a life-long resident of the State of Ohio and the County of Lorain.
2. The offense that gave rise to this action occurred in the City of Cleveland and County of Cuyahoga.
3. The amount in controversy is less than $15,000.00
4. Jurisdiction and venue are proper.
5. Plaintiff traveled from Cleveland to Las Vegas on Frontier Airlines on or about October 2, 2020.
6. Plaintiff makes several trips to Las Vegas each year and has done this for the past 20 years.
7. Plaintiff placed (packed) $10,000.00 in his luggage before departing from Cleveland.
8. When Plaintiff arrived in Las Vegas, he discovered that the money was missing.
9. Plaintiff also found a note / receipt from TSA that confirmed his luggage had been inspected by the Agency.
10. Plaintiff contacted Defendants while in Las Vegas and filed a police report when he returned to Cleveland.
11. Plaintiff made a formal claim / demand to Defendants on or about December 9, 2020 requesting the return of his money.

## Count One – Replevin

12. Plaintiff re-avers and re-alleges each and every allegation contained in the foregoing paragraphs, as if fully rewritten herein.
13. Plaintiff is the owner of the luggage and the personal property, including the money ($10,000.00) that was contained inside his luggage.

14. At all times relevant herein, Defendants were aware of the ownership rights of Plaintiff with regard to his luggage and the contents therein. Defendants were also aware of their limited authority to inspect Plaintiff's personal property.

15. Defendants intentionally withheld, converted, stole and / or removed Plaintiff's property without a lawful excuse and with full knowledge that the property (money) belonged to Plaintiff.

16. Plaintiff made the appropriate demand for the return of his property; Defendants wrongfully retained possession of said money and / or denied liability for Plaintiff's loss.

17. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to a money judgment for the personal property (money) not returned to him in an amount equal to the actual value of the property, to wit: $10,000.00; consequential damages; punitive damages; interest and all costs and expenses of this action, including reasonable attorney fees.

## Count Two – Conversion

18. Plaintiff re-avers and re-alleges each and every allegation contained in the foregoing paragraphs, as if fully rewritten herein.

19. Plaintiff was the owner of the luggage and the personal property, including the money ($10,000.00) contained inside his luggage.

20. At all times relevant herein, Defendants were aware of the ownership rights of Plaintiff with regard to his luggage and the contents therein. Defendants were also aware of their limited authority to inspect Plaintiff's personal property.

21. Defendants intentionally withheld, stole and / or removed Plaintiff's property without a lawful excuse and with full knowledge that the property (money) belonged to Plaintiff.

22. Plaintiff made the appropriate demand for the return of his property; Defendants wrongfully retained possession of said money and / or denied liability for Plaintiff's loss.

23. As a direct and proximate result of Defendants' conversion, Plaintiff is entitled to a money judgment for the personal property (money) not returned to him in an amount equal to the actual value of the property, to wit: $10,000.00; consequential damages; punitive damages; interest and all costs and expenses of this action, including reasonable attorney fees.

### **Count Three – Theft**

24. Plaintiff re-avers and re-alleges each and every allegation contained in the foregoing paragraphs, as if fully rewritten herein.

25. Plaintiff was the owner of the luggage and the personal property, including the money ($10,000.00) contained inside his luggage.

26. At all times relevant herein, Defendants were aware of the ownership rights of Plaintiff with regard to his luggage and the contents therein. Defendants were also aware of their limited authority to inspect Plaintiff's personal property.

27. Defendants intentionally withheld, dispossessed, stole and / or permanently removed Plaintiff's property without a lawful excuse and with full knowledge that the property (money) belonged to Plaintiff.

28. Plaintiff made the appropriate demand for the return of his property. Defendants have denied liability for Plaintiff's loss.

29. As a direct and proximate result of Defendants' theft, Plaintiff is entitled to a money judgment for the personal property (money) not returned to him in an amount equal to the actual value of the property, to wit: $10,000.00; consequential damages; punitive

damages; interest and all costs and expenses of this action, including reasonable attorney fees.

## Count Five – Intentional Infliction of Emotional Distress

30. Plaintiff re-avers and re-alleges each and every allegation contained in the foregoing paragraphs, as if fully rewritten herein.

31.  Defendants' business tactics and blatant lack of concern for its customers were extreme and outrageous as Defendants fraudulently justified retaining Plaintiff's property and undertook business policies that shield them from liability.

32. Defendant's self-serving and irresponsible business practices allowed them and / or their employees to profit from Plaintiff's loss.

33. Plaintiff has suffered and will continue to suffer severe emotional damage as a direct result of the extreme, reckless and intentional acts of Defendants.

34. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to a money judgment for the personal property (money) not returned to him in an amount equal to the actual value of the property, to wit: $10,000.00; consequential damages; punitive damages; interest and all costs and expenses of this action, including reasonable attorney fees.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor and against Defendants; additionally Plaintiff seeks a judgment for compensatory damages, punitive damages, consequential damages, interest, attorney fees and court costs in the amount not to exceed $15,000.00.

## Exhibits

- TSA & Frontier Airlines Inc. demand letters

- TSA response to Plaintiff's initial complaint

- Cleveland Police Report

                                        Respectfully submitted,

                                        /S/ Anthony Baker

                                        _____

                                        Anthony Baker, Esquire (#0084620)
                                        Attorney for Plaintiff
                                        5425 Detroit Road – Suite 10
                                        Sheffield, Ohio 44054
                                        Tel (440) 596 – 9876
                                        Fax (440) 934 – 0712
                                        Email bakera5.tony@yahoo.com